[Cite as *State v. Diggs*, 2019-Ohio-244.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ANDRE C. DIGGS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 16 BE 0036**

---

**Application for Reopening**

**BEFORE:**
Kathleen Bartlett, Cheryl L. Waite, Carol Ann Robb, Judges.

---

**JUDGMENT:**
DENIED

---

*Andre C. Diggs, pro-se*, A726-203, Noble Correctional Institution, 15708 McConnelsville Road, Caldwell, Ohio 43724-9678, for Appellant and

*Atty. J. Flanagan*, Courthouse Annex 1, 147-A West Main Street, St. Clairsville, Ohio 43950, for Appellee.

Dated: January 24, 2019

**PER CURIAM.**

{¶1} On October 18, 2018, Appellant Andre Diggs, acting pro se, filed a motion for clarification of our June 25, 2018, decision in *State v. Diggs*, 7th Dist. 16 BE 0036, 2018-Ohio-2761. No opposition brief was filed. In the motion, Appellant asks us to "lay rest to further argument" based upon "unresolved issues," so we address the motion for clarification as a motion to reopen filed pursuant to App.R. 26(B).

{¶2} App.R. 26(B)(1) provides, in part: "An application for reopening shall be filed * * * within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." The Belmont County Clerk of Courts journalized the entry at issue and served copies of the decision on all of the parties on June 26, 2018. As a consequence, Appellant's application for reopening is untimely.

{¶3} Although App.R. 26(B)(2)(b) requires that an application for reopening include "a showing of good cause for untimely filing," Appellant does not offer any explanation for his failure to timely file the motion. Appellant has also failed to comply with several filing requirements set forth in App.R. 26(B). Of greatest import, an application for reopening shall be granted only upon a demonstration that a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. App.R. 26(B)(5). Even assuming that Appellant's motion was timely and complied with the statutory filing requirements, the arguments advanced in the pro se motion do not demonstrate that Appellant received ineffective assistance of counsel.

{¶4} In Appellant's direct appeal, we reversed his conviction for knowingly selling or offering to sell heroin in an amount equal to or in excess of five grams but less than ten grams in a school zone, in violation of R.C. 2925.03(A)(1)(C)(6)(d). The evidence offered at trial established that Appellant actually sold 3.88 grams of heroin to a confidential informant in the vicinity of a school. Although there was evidence that established an offer to sell drugs, the offer was not made by Appellant and no amount of heroin was specified in the offer to sell. As a consequence, we reversed Appellant's conviction and remanded the matter for modification of the degree of the offense and for resentencing consistent with Ohio law.

{¶5} Citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d

435 (2000), *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Appellant argues that the jury did not find him guilty of knowingly selling the 3.38 grams of heroin that was recovered following the controlled buy, so his conviction should be vacated. (Mot. p. 1). The cited cases hold that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely* at 2536, quoting *Apprendi* at 490. *Ring* extended the rule announced in *Apprendi* to the judicial fact-finding required prior to the imposition of the death penalty.

{¶6} The evidence adduced at trial establishes that Appellant knowingly sold 3.38 grams of heroin. *Apprendi* and its progeny relate to sentencing, not conviction, and, therefore, Appellant's reliance on the foregoing cases to challenge his conviction is misplaced.

{¶7} Appellant next argues that the school zone specification cannot be invoked because "if it attaches to the 3.38 [grams of heroin] actually sold, then it must be vacated pursuant to thee [sic] jury not finding guilt on the element of sell [sic]." (Mot., p. 2.) Based on the evidence adduced at trial, the jury found that Appellant sold heroin within the vicinity of a school. Insofar as no judicial fact-finding was required, Appellant's challenge to the school zone specification based on the cited case must likewise fail.

{¶8} For the foregoing reasons, Appellant's motion for clarification is denied.

**Bartlett, J., concurs.**

**Waite, P.J., concurs.**

**Robb, J., concurs.**

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**

Case No. 18 BE 0036